(No. 14101.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERT CUNNINGHAM *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1921.*

1. CRIMINAL LAW—*when defendant may be cross-examined as to previous arrest on another charge.* Where it has been brought out on the direct examination of the defendant by his counsel that he had previously been arrested on another charge and discharged by the trial court, it is not error to permit the State, on cross-examination, to ask questions of the defendant as to his previous arrest.

2. SAME—*order of admission of testimony rests in discretion of trial court.* The order in which testimony is to be admitted is largely in the discretion of the trial court, and there is no abuse of such discretion where the court permits two police officers to testify for the State after the close of the defendants' evidence, the court and the defendants having been advised at the close of the State's evidence that such testimony would be offered as soon as the witnesses returned from service before the grand jury.

3. SAME—*when evidence of possession of revolver by defendant when arrested is admissible.* Where defendants are being tried for a robbery which was proved to have been committed by parties armed with revolvers, it is not error to permit the admission of evidence as to a revolver being found on one of the defendants when he was arrested two months after the alleged crime was committed.

4. SAME—*when variance is not material.* In a prosecution for robbery, a variance between the indictment and the proof as to the name of the owner of the property is not material unless it is made to appear to the court that the jury were misled by it or that some substantial injury was done to the accused thereby, so that he is unable intelligently to make his defense or is exposed to the danger of a second trial on the same charge.

5. SAME—*question of variance must be raised in the trial court.* On a writ of error defendants convicted of robbery cannot avail themselves of any claim on the point of a variance between the indictment and the proof as to the name of the owner of the property, where no question of variance was raised in the trial court.

6. SAME—*proof of participation as accessories will sustain conviction of defendants charged as principals.* Although the proof in a prosecution for robbery with a dangerous weapon does not show that all the defendants were armed with revolvers, it will be suffi-

cient to sustain the conviction of any who were not proved to have been armed if the evidence shows that they participated in the offense which was carried out by those who were armed, as accessories may be indicted and convicted as principals.

7. SAME—*verdict of jury is not to be controlled by number of witnesses testifying.* Where a conviction rests upon the identification of the defendants who have set up alibis as a defense the credibility of the witnesses is a question peculiarly within the province of the jury, and the jury are not compelled to be controlled by the number of witnesses testifying as to the alibis nor as to the identification of the defendants.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

IRWIN R. HAZEN, and JOHN LUPE, (THOMAS E. SWANSON, of counsel,) for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, CLYDE C. FISHER, and WILLIAM SCOTT STEWART, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error were indicted, and after a trial before a jury were convicted, in the criminal court of Cook county of robbing B. N. Hunding and taking from him certain money, the property of the Hunding Dairy Company, a corporation. The cause has been brought here on writ of error for review.

The evidence shows that the Hunding Dairy Company has its offices and retail milk depot at 6949 Stony Island avenue, in Chicago. The sales room or milk depot is in front and the offices in the rear, and in order to enter the offices one must pass through the milk depot. The evidence shows that plaintiff in error Campbell came into the milk depot and purchased a bottle of milk in the late afternoon of November 27, 1920, paid for it and left the place. Immediately afterward plaintiff in error Cunningham, followed

by plaintiffs in error Crane and Jackson, came in, laid down a quarter and ordered a bottle of milk. He then pulled a revolver and thrust it in the face of Kirbeck, secretary of the company, and guarded him while Crane and Jackson rushed through the swinging doors into the inner office, covered Hunding and two of the women employees with a revolver and took from the table the returns of the company for the day, about $700 in United States bank notes and about $20 in silver. This took about two minutes' time, and Cunningham, Crane and Jackson ran through the doors and away with their plunder. Campbell, Cunningham and Jackson were arrested in or near a public garage at 4439 Grand boulevard on January 17, 1921, Campbell having a loaded revolver in his pocket at the time. The police officers testified that when Campbell was questioned about the revolver he said he got it from Cunningham, and Cunningham admitted to the officers that it was his. Kirbeck, secretary of the dairy company, testified that he identified all four of the plaintiffs in error. Jackson and Crane were identified by Hunding. One of the women employees identified Jackson, and the other identified both Jackson and Crane as the two men who entered the inner office and took the money from the table.

Some question was raised in the briefs of plaintiffs in error that venue was not proved by the record. On motion of the State's attorney an amended bill of exceptions was filed in which the venue is shown to have been proven.

It is contended by counsel for the State that the abstract prepared and filed by counsel for plaintiffs in error is not complete or correct, and they endeavor in their briefs to obviate this difficulty by referring to the proper pages of the record. Under rule 14 of this court it is provided that if opposing counsel think that the abstract presented is not accurate or sufficient for a full understanding of the questions involved for decision, the opposite party "shall file a further abstract making necessary corrections or additions.

Such further abstract may be filed if the original abstract is incomplete or inaccurate in any substantial part." The proper practice, therefore, would have been for counsel for the State to file a further abstract making the necessary corrections or additions, showing accurately the points at issue raised by the briefs.

It is urged that error was committed on the trial of the case in permitting the State's attorney to ask certain questions of plaintiff in error Crane as to his having been under arrest previously. It had been brought out on the direct examination of this witness by his counsel that he had been previously arrested on another charge and discharged by the trial court. While the court should have sustained objections to the questions of the State's attorney as to the previous arrests, in view of the facts in this case we do not think any reversible error was committed.

While a witness for the State, Hunding, was on the stand and testifying in regard to what took place at the time of the transaction in question, plaintiff in error Jackson, who was sitting between counsel for plaintiffs in error, exclaimed, apparently loud enough to be heard by the court and counsel as well as by the jury and witness, "That man is lying, and he knows it!" It appears that Jackson had been previously sworn to testify but had not testified and did not testify during the trial. At the close of the testimony for the defense the State's attorney trying the case stated publicly that in view of the statement of Jackson that the witness Hunding was telling a lie he would like to cross-examine him. Objection was made on the part of counsel for Jackson to such cross-examination, counsel stating that Jackson had not testified. Finally Jackson's statement was stricken out and an instruction given by the court that "the jury will disregard any statement made by the defendant Jackson." Objection was made to the action of the State's attorney in this regard as calling attention to the fact, contrary to the statute, that Jackson had not

testified. The State's attorney did not state that Jackson had not testified. The statement that he had not testified was made by his own counsel, and in view of the fact that he had publicly announced while the witness Hunding was on the stand that Hunding had testified falsely, we do not think that he is in any position to complaiñ of the action of the State's attorney in requesting permission to cross-examine him in regard to his statement that the witness was lying. While Jackson himself had not testified except in making this public statement when not on the witness stand, the other plaintiffs in error had all testified, and we cannot see how those others were in any way injured by the State's attorney asking to cross-examine Jackson.

Objection is also raised by counsel for plaintiffs in error that the record shows that after the close of all the testimony by the defense two police officers employed by the city of Chicago were permitted to give their testimony in rebuttal when it should have been given as a part of the direct testimony of the State. At the close of the testimony for the State the State's attorney trying the case stated to the court that the police officers whom he desired to have testify in the case were before the grand jury and that he would ask permission to put them on when they returned, and with that reservation the State rested. No objection was made at that time to this reservation, and these two police officers afterwards testified to the arrest of Campbell, Cunningham and Jackson and the finding of a revolver on the person of Campbell; that Campbell said that it had been given to him by Cunningham, and Cunningham admitted that it was his. The general rule is that the order in which testimony competent and relevant to the issues is to be admitted is largely in the discretion of the trial court, and that reviewing courts will not reverse as to such order of admission except in cases of manifest abuse. (Thompson on Trials,—2d ed.—sec. 344; 28 R. C. L. 586; Jones on Evidence,—2d ed.—sec. 814; *People* v. *Shortall,* 287 Ill.

150; *Hirsch & Sons' Iron Co.* v. *Coleman,* 227 id. 149.)
We cannot say on this record that there was a manifest
abuse by the trial court in admitting this evidence after the
close of the testimony on behalf of the defense. It seems
clear from the evidence that neither plaintiffs in error nor
their counsel were in any way surprised or put at a disad-
vantage by this evidence coming in at the time it did.

It is further urged that error was committed by the trial
court in permitting evidence to be offered as to a revolver
being found in Campbell's possession and on his person
when arrested two months after the alleged crime was com-
mitted. We think under the reasoning of this court in *Peo-
ple* v. *Scott,* 261 Ill. 165, and *People* v. *Maciejewski,* 294
id. 390, no error was committed in this regard.

It is also insisted that there is a variance between the
indictment and the proof, in that the name of the corpora-
tion that owned the money was alleged in the indictment
to be the "Hunding Dairy Co." and the proof showed that
the name was "Hunding Dairy Company." It has been
more than once said by this court that a variance between
the name alleged in the indictment and that proven by the
evidence is not regarded as material unless it shall be made
to appear to the court that the jury were misled by it or
that some substantial injury was done to the accused there-
by, such as that by reason thereof he was unable to intel-
ligently make his defense or was exposed to the danger of
a second trial on the same charge. (1 Wharton on Crim.
Evidence, sec. 288.) The alleged variance as stated by
counsel for plaintiffs in error in their briefs here does not
appear to have been raised in the trial court, and under the
reasoning of this court in *People* v. *Weisman,* 296 Ill. 156,
and *People* v. *Melnick,* 274 id. 616, plaintiffs in error can
not avail themselves of any claim on this point of variance.

It is also urged that the conviction is erroneous because
the indictment charged that each of the plaintiffs in error
was then and there armed with a dangerous weapon, to-wit,

a certain revolver, and the proof failed to show that either Campbell or Crane was armed with a revolver. We think the evidence clearly showed that all four of the plaintiffs in error visited the office of the Hunding Dairy Company with a common purpose, and that three of them, at least, were armed with revolvers at the time and used the same to coerce the employees of the dairy company into giving up the money, and therefore they are, at the least, accessories before the fact to the aggravated offense of robbery with a dangerous weapon and could rightly be indicted and convicted as principals. This has long been the settled law of this State. *Lionetti* v. *People,* 183 Ill. 253; *People* v. *VanBever,* 248 id. 136; *People* v. *Snyder,* 279 id. 435, and authorities there cited.

It is further strenuously argued that the evidence does not justify the conviction; that the lack of identification of certain of the plaintiffs in error, especially Campbell and Cunningham, in the light of the evidence as to their not being at the place at the time of the perpetration of the offense, was sufficient to show that the jury must have been moved by passion or prejudice in order to convict them of the crime in question. It is also insisted that Cunningham was only identified by the witness Kirbeck as having any connection with the robbery in question. We think counsel for plaintiffs in error are in error. One of the police officers testified that Campbell told him after his arrest that he went to the dairy to buy the milk "to see if the coast was clear," and that he did this for the persons who did the robbery. The jury had before them all the witnesses who testified, both as to identification and as to the alibis of plaintiffs in error. It was a question of credibility between the witnesses for the State and those for the defense,—a question peculiarly within the province of the jury. The jury are not compelled to be controlled by the number of witnesses testifying as to the alibis or as to the identification of the accused. They evidently gave credence

to the testimony for the State in regard to identification and disbelieved the alibi testimony of the plaintiffs in error. In view of all the testimony in the record we cannot say that the verdict was not sustained by the evidence. *People* v. *Deluce,* 237 Ill. 541; *People* v. *Stephens,* 297 id. 91.

We find no reversible error in the record. The judgment of the criminal court of Cook county will therefore be affirmed.

*Judgment affirmed.*

---

(No. 14136.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT McMULLEN, Plaintiff in Error.

*Opinion filed December 22, 1921.*