**People of the State of Illinois, Appellee, v. Charles Benjamin (Impleaded), Appellant.**

**Gen. No. 49,653.**

First District, First Division.
November 2, 1964.

Walter La Von Pride, of Chicago, for appellant.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a joint bench trial, defendant, Charles Benjamin, together with a second defendant, Roosevelt Harris, was found guilty of robbery. Benjamin was sentenced to the penitentiary for a term of from two to four years. He appeals, contending (1) that his conviction

is not sustained by the evidence; (2) that it was error to admit into evidence a gun used in the robbery; and (3) that the evidence adduced at the trial failed to prove the defendant guilty of the charge alleged in the indictment.

Alfred Gray, a bus driver for the Chicago Transit Authority, was robbed by two men while on duty in the early hours of August 16, 1963. On the basis of his description of the robbers broadcast over the police radio system, Benjamin and Harris were arrested. Gray identified them within 25 to 40 minutes after the robbery and again in court during the trial.

Gray testified the defendants boarded his southbound bus at 67th and Stony Island Avenue, and after all passengers were discharged, they walked to the front of the bus at about 83rd Street. Harris stood alongside him, with a gun, and Benjamin stepped down into the stairwell. Gray, at the direction of Harris, stopped the bus; Harris told him not to move and took paper currency and change from Gray. Benjamin took a coin changer. Harris told Gray to get off the bus, and the three men walked down the block, with Harris in front and Benjamin walking beside Gray. While walking, Benjamin put into his pocket the change from the coin changer, as he explained to Gray why he found it necessary to commit robbery. After walking a short distance, Benjamin told Gray he could return to the bus and gave the coin changer back to Gray.

Gray then called his dispatcher and the police and returned to the bus. The police arrived a short time later and took a description from Gray of the men who robbed him. By this time he had determined that the amount taken from him was $51, $23 in bills and the remainder in change. As he was on his last run,

he had counted his receipts prior to the robbery and marked the top bill with the number "23" with a circle around it.

About 25 to 40 minutes later, the two defendants were brought back to the bus by the police. On the sidewalk outside the bus, at a distance of five to ten feet, Gray identified the defendants as the men who had robbed him earlier. He also identified a gun found on Harris as the one used in the robbery and identified a bill taken from one of the defendants as the one he had marked with the number "23" prior to the robbery.

On cross-examination, Gray testified that when the defendants boarded the bus, he noticed nothing unusual about their appearance. He stated that "the only thing I distinctly remember was that one of the men was wearing gym shoes. . . . He [Harris] had a light shirt on, dark pants, and I told them [police] that he had on gym shoes. I thought they both had on gym shoes, which I later found out not to be true."

One of the arresting officers, Russell Carline, testified that while cruising in a squad car with his partner, they received a police radio broadcast giving a description of two men who had committed a robbery. They subsequently observed defendants Benjamin and Harris, who fitted the description. They searched both, and on Benjamin they found approximately $7 in single dollar bills and $4 in change. On Harris they found a gun, as well as $22 in singles, with about $5 in change. The officers took defendants back to the bus, where Gray identified them, the gun as the weapon used in the robbery, and the bill marked with the number "23."

On cross-examination, Officer Carline testified that the police radio description was "to be on the lookout, two male Negroes, number one around six foot tall,

200 pounds, wearing a brown jacket, dark trousers and gym shoes. Number two, about five foot nine, male Negro, wearing a light jacket, dark trousers, wearing gym shoes."

Defendant Benjamin testified and denied the robbery. He said he was coming from a house party and was on his way to get some liquor at a tavern when he was arrested. He also testified that the bus driver said he was "not too sure" when he first identified Benjamin as one of the men who robbed him.

█ █  We agree with the contention of Benjamin that the identification of the accused as the person who committed the crime must be established beyond a reasonable doubt. However, a conviction will not be reversed on the question of sufficiency of identification unless "it is contrary to the weight of the evidence, or is so unsatisfactory as to justify a reasonable doubt of defendant's guilt. . . . The doubt must be reasonable and well founded." People v. Keagle, 7 Ill2d 408, 413, 131 NE2d 74 (1955).

█  The identification of defendant Benjamin by the bus driver was positive, convincing and uncontradicted. Although the bus driver admitted that he reported to the police that both men were wearing gym shoes, which was not true, the record shows that one of the defendants was wearing gym shoes, and the bus driver, on cross-examination, testified that it was Benjamin.

█  We find no merit to defendant's argument that his identification is uncertain and not positive, because he was not placed in a "lineup" or "show-up." As stated in People v. Washington, 26 Ill2d 207, 210, 186 NE2d 259 (1962):

"The fact that an accused is not placed among a group of persons in being presented to a witness for identification does not fatally weaken the

evidence of identification, but bears only upon the weight to be accorded that evidence. . . . Positive identification by one witness who had ample and favorable opportunity to observe is sufficient to convict even though the testimony is contradicted by the accused."

Gray had ample opportunity to observe defendant Benjamin for a substantial period of time—when he boarded the bus, when the robbery took place, when they walked down the street, and later, when Benjamin was returned to the bus by the police within an hour of the robbery. We hold the evidence is sufficient to sustain the identification and the conviction.

██ We do not agree with defendant's contention that the court erred in admitting into evidence the gun identified as the one used in the robbery, because a weapon was not alleged in the indictment. The indictment alleged the commission of the offense of robbery by the defendants, "in that they, by the use of force, and by threatening the imminent use of force, took fifty-one dollars in United States currency from the person and presence of Alfred G. Gray." The People, through the introduction of the gun, did not attempt to prove armed robbery, but used the gun as evidence to prove the element of "force" necessary to establish the offense of robbery, and as a matter of identification. In admitting the gun into evidence, the trial court stated: "This gun tends to identify, evidence of identification, to show it at the time of the robbery in the hand of the defendant, also taken from the person of Harris when they were arrested." We believe this was relevant evidence, and no error was committed here. People v. Cunningham, 300 Ill 376, 381, 133 NE 270 (1921); People v. Tomaszewski, 406 Ill 346, 349, 353, 94 NE2d 154 (1950).

We conclude that the evidence was sufficient to prove the defendant guilty of the charge alleged in the indictment. The judgment is affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.