(No. 33072.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JESSE RIVAS, Plaintiff in Error.

*Opinion filed May 20, 1955.*

JESSE RIVAS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and SAMUEL A. PAPANEK, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This case comes here on a writ of error to the criminal court of Cook County. The defendant was indicted for unlawfully selling, dispensing and possessing narcotic drugs, pleaded not guilty, waived trial by jury and after a trial by the court was found guilty of unlawful sale as charged and was sentenced for an indeterminate term of one to five years in the State penitentiary. His application for probation was denied.

The defendant, appearing here *pro se,* makes eleven assignments of error by which he contends that prejudicial and inadmissible evidence was admitted, that he was denied a public trial, that the court's examination of the chief State's witness was prejudicial, and that the evidence did not sustain the finding of guilty. Defendant also alleges error in the summary denial of his application for probation.

The State argues that no rights of the accused were denied and that the evidence sustains the conviction.

Even though there were three counts in the indictment which charged three separate offenses, as above stated, the evidence was offered, the case tried, and the conviction obtained, on the count of the indictment which charged the defendant with selling a large amount, to-wit: six capsulefuls of a certain narcotic drug, to-wit: opium, that is to say, heroin, to one Alice Spriggs, on June 28, 1952. At the opening of the trial, defendant, by his counsel, filed a written motion to suppress six capsules of white powder as evidence. In the motion it was contended that said capsules were obtained by unlawful search and seizure. It appeared from the evidence taken on the motion to suppress, that the arresting officer had known Alice Spriggs as a dope addict for about a year, that on June 26 and 27, 1952, he had seen her enter a hotel in Chicago at about 4:00 A.M. with men other than the defendant. On June 28 he saw her enter the hotel about the same time with the

defendant. Upon checking the register he found them registered under the name of Mr. and Mrs. Lopez. The hotel manager and said officer then went to the room. Upon demand, and after some delay, during which they heard a screen open and close, they were admitted. Nothing was said by the defendant and Spriggs, and the officer searched and found the six capsules and two needles and two syringes on the window sill. The officer had neither a search nor an arrest warrant. The court reserved its ruling on said motion and at the close of all the evidence sustained the motion to suppress six capsules of white powder as evidence.

Alice Spriggs testified that she had known the defendant for a year; that she was sick and needed some heroin, and that she met the defendant about 11:00 A.M. on June 27; that the defendant approached her, said he had some heroin, bought a syringe, rented a room at the hotel in question where they both used the heroin; and that she paid the defendant three dollars for the heroin. She further testified that they met again at 5:00 P.M. and the same procedure took place, and she paid him six dollars; that she again met him by prearrangement at about 2:00 A.M. on June 28, paid him fifteen dollars for six capsules and then went to the room with him; that he was getting ready to cook the heroin when there was a knock on the door; that he then put the capsules on the window sill where they were found by the arresting officer. It was then stipulated that the police chemist, if called as a witness, would testify that the six capsules contained heroin.

Later in the trial, the court recalled Alice Spriggs and personally questioned the witness. She testified that she took heroin several times a day for six months, was familiar with the effect of heroin, and that the effect of the shots taken on June 27 was that of heroin. The court then sustained the motion to suppress the evidence of the six cap-

sules. The defendant testified in his own behalf and denied all charges of the indictment relating to unlawfully dispensing, possessing and selling narcotics.

It is unnecessary for us to pass upon the legality of the search resulting in the seizure of the six capsules in question as the trial judge suppressed this evidence. Proceeding to the question of whether the evidence, in the absence of the chemical analysis of the six capsules, is sufficient to sustain the verdict we are met with a change in theory by the State from the trial to this appeal. Defendant was indicted and charged in three counts respectively with selling, dispensing and possessing "a large amount, to wit: six capsulefuls of a certain narcotic drug, to wit: opium, that is to say, heroin" on June 28, 1952. The State offered evidence of the six capsules containing heroin, but this evidence was suppressed and the court was without authority to consider it. (*People* v. *Macklin,* 353 Ill. 64.) Spriggs testified over objection that she had purchased heroin in undisclosed amounts from the defendant on the previous day. As to these transactions the trial judge recalled Spriggs for the purpose of discovering if the effect of the injections taken on the previous day was that of heroin. The defendant questions the propriety of this interrogation. As this involves a question of abuse of discretion, we set forth the pertinent parts of the examination:

"Q. You are familiar with what is the reaction of taking a shot of heroin?

A. Well, if you don't get it you are sick, if you are an addict, and when you get your fix, why you get normal again.

Q. It augments your feelings, you know when you hit the proper place, and the drug that works, you know how it works?

A. Yes.

Q. It makes you feel well?

A. Yes.

Q. You take something that is not heroin, that is some powdery substance, that does not have the drug, that does not have the chemical content of heroin, it has no effect?

A. That is right, I would still be sick.

Q. When you took this shot from him on the 27th, at eleven and at five o'clock did you have any effect?

A. Yes.

Q. It did have the effect as when you were taking heroin on other occasions?

A. Yes."

While this evidence tended to prove that the shots taken by Spriggs on two occasions on June 27 contained heroin, it has no probative value as to the six capsules allegedly sold on June 28. We feel constrained to note that while a trial judge has a clear right, and in some cases a duty, to elicit the truth and ascertain facts, (*People* v. *Arnold,* 2 Ill. 2d 92,) the leading nature of the questions would have been objectionable if asked by counsel and was even more objectionable when propounded by the court. The natural reluctance of counsel to object to interrogation by the court should impel the court in such instance to avoid leading a witness. However, we do not believe that this question is determinative of the case.

Assuming the evidence of Spriggs to be true, we face the crucial question of whether the evidence sustains the conviction. Upon appeal the State relies on the evidence of the two sales on June 27, and the effect of the use of the powder sold on these occasions upon the witness Spriggs. Due to the suppression of the evidence in question, the State apparently concedes that there is insufficient proof of a sale of six capsules of heroin on June 28 and contends that the sale referred to in the indictment took place on June 27. To sustain a conviction the State relies on the rule that it is not necessary to prove the precise date alleged in the indictment if the date is not an essential

element of the crime and the statute of limitations is not involved. (*People* v. *Day*, 404 Ill. 268; *People* v. *Angelica*, 358 Ill. 621.) There is no question that the State was permitted to prove the crime alleged occurred on June 27, rather than on June 28. However, on the trial there was an attempt to prove three separate indictable offenses; two on June 27 and one on June 28. According to the testimony of Spriggs each alleged sale was paid for and consummated at separate times. The defendant could have been separately indicted for each alleged sale and a conviction of one would be no bar to a prosecution for the other. *People* v. *Allen*, 368 Ill. 368.

The indictment alleges the sale on June 28, 1952, of "a large amount, to-wit: six capsulefuls of a certain narcotic drug." In considering the effect of such an allegation we have said in *People* v. *Shaver*, 367 Ill. 339, "When any fact alleged in pleading is preceded by 'to-wit' 'that is to say,' or 'namely,' such fact is said to be laid under a *videlicet*. The precise and legal use of a *videlicet* in every species of pleading is to enable the pleader to isolate, to distinguish and to fix with certainty that which before was general, and which, without such explanation, might with equal propriety have been applied to different objects."

By the *videlicet* the State particularized the offense with which defendant was charged. Without some such particularization the indictment might apply equally to three different offenses, two of which occurred June 27, 1952, and would be bad. The highest degree of certainty is required in an indictment, as the offense must be stated with such certainty that a conviction or acquittal may be pleaded in bar to a subsequent offense. *People* v. *Richie*, 317 Ill. 551; *Wilkinson* v. *People*, 226 Ill. 135.

Having been indicted for the alleged offense of selling six capsulefuls of heroin on June 28, the State offered evidence, over timely objection, to prove two separate and distinct offenses on June 27. But unless there is some con-

nection between the facts proved and the offense charged, it is improper to admit evidence of one crime to prove another. (*People* v. *Richie,* 317 Ill. 551; *People* v. *Turner,* 260 Ill. 84.) The substance of one crime cannot be proved by proving the substance of another. (*People* v. *Allen,* 368 Ill. 368.) If the trial judge felt that the evidence of the prior transactions on June 27 tended to prove that the six capsules contained heroin, we feel that the evidence was improper for that purpose and was insufficient to sustain a conviction. If the conviction was based on the sale of six capsulefuls of heroin on June 28, it is not sustained by the evidence.

Upon the record here, we can only conclude that the defendant has been convicted of a sale of six capsules of heroin on June 28. But the only evidence sufficient to sustain a conviction relates to two sales of shots or "fixes" of heroin on June 27, neither of which involved a sale of six capsules or any other specific number of capsules. If this conviction were to stand, the defendant would not be able to avail himself of it upon a subsequent indictment or indictments arising out of the two transactions on June 27.

In *People* v. *Brown,* 336 Ill. 257, the defendant was convicted of practicing medicine without a license. After pointing out that one could practice medicine in violation of the statute several times in a single day, we held the indictment faulty, quoting from *State* v. *Carey,* 4 Wash. 424: "The indictment must be so specific in the description of the charge that the defendant will be able to avail himself of his acquittal or conviction for protection against a further prosecution for the same cause. Supposing this defendant had seen fit to plead guilty to the indictment and had paid the fine imposed and had afterwards been indicted for practicing medicine on the same day, there could have been nothing in the record to show that it was not for the same offense and no plea in bar could possibly have been made, for there would have been no way to determine

that fact, unless it be concluded that a man cannot practice medicine but once in a given day, which is a conclusion unfortunately not warranted by the common experience of mankind."

In the case at bar we are faced with a converse situation. While the indictment sufficiently singles out the specific offense, the proof relates to other separate and distinct offenses. In the *Brown case,* the indictment was bad because it permitted proof of separate offenses; here the indictment is good, but the proof adduced relates to separate and distinct offenses. Section 9 of article II of the constitution of the State of Illinois provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. The conviction of the defendant under the indictment and evidence in question violates this constitutional provision to the same extent that it is violated where an information or indictment fails to specifically aver acts constituting the offense. In both the *Brown case* and the case in question, the constitutional rights of the respective defendants were violated. In this case the variance between the charge of the indictment and the proof is of such a substantive character as to mislead the accused in preparing his defense, and would place him in double jeopardy if he were to be later indicted for the two transactions, or either of them, which occurred on June 27, 1952. *People* v. *Fox,* 269 Ill. 300.

We therefore feel that the State has failed to prove the offense as charged in the indictment. Because of this disposition of the case we need not consider the other assignments of error. The judgment of the criminal court of Cook County is accordingly reversed.

*Judgment reversed.*