(No. 37832.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CARL W. FRY, Appellant.

*Opinion filed November 26, 1963.*

JACK A. BRUNNENMEYER, of Peoria, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JAMES V. CUNNINGHAM, State's Attorney, of Peoria, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JAY H. JANSSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The grand jury for the circuit court of Peoria County returned eight indictments against the defendant, Carl Fry.

He was tried by jury on an indictment charging him with embezzlement of funds of Peoria County, found guilty and sentenced to the penitentiary for a term of not less than 3 nor more than 5 years. The defendant has prosecuted this appeal to review the judgment of conviction.

The first contention advanced by the defendant is that the trial court erred in denying the defendant's motion to quash the indictment. We are of the opinion that this contention is not well taken. The indictment was substantially in the language of the statute, (Ill. Rev. Stat. 1959, chap. 38, par. 214) and was sufficiently specific to enable the defendant to adequately prepare his defense.

It is next urged that the trial court improperly denied the defendant's motion for continuance. The record shows that on January 17, 1962, the defendant was arraigned on all 8 indictments at which time he entered pleas of not guilty. He was thereafter given leave to withdraw the pleas and enter motions to quash the indictments. On April 18 the court denied the defendant's motion to quash the indictment under which he was convicted and on June 20 the defendant entered a plea of not guilty on that indictment. On November 21 the defendant was notified that this indictment was set for trial on November 26, and on that date the defendant moved for a continuance on the ground that he had not had an opportunity to prepare a defense on that indictment. This indictment had been pending for 10 months and in our opinion the trial court did not err in denying the motion for a continuance.

The next contention advanced by the defendant is that the trial court erred in refusing an instruction tendered by the defendant. In substance the requested instruction advised the jury that the mere conversion of any money does not constitute the crime of embezzlement and instructed the jury that there must be a felonious intent to appropriate the money to the defendant's own use at the time of the conversion. In other instructions given by the court, both at the

request of the State and the defendant, the elements of the crime of embezzlement were clearly set forth. The instruction in question was confusing and inaccurate and the court did not err in refusing to give it.

The defendant contends that there was a fatal variance between the allegations of the indictment and the proof. The indictment charged that the defendant was a public officer of Peoria County and that he embezzled funds of the county. The embezzlement of these funds was alleged to have occurred during the period from May 15, 1959, to April 15, 1961. The evidence showed that the defendant was a justice of the peace during the period in question. Prior to April 1961, justices of the peace were township officers and not county officers. The defendant argues that the proof, showing him to be a township officer, was inconsistent with the indictment, which charged that he was a county officer.

The evidence showed that during the period in question the defendant submitted monthly reports of fines and forfeitures as required by the provisions of section 5 of article XVII of the Justices and Constables Act. (Ill. Rev. Stat. 1959, chap. 79, par. 164a.) The statute provides that upon approval of the reports, the county board shall direct that the money in the hands of the justice of the peace shall be paid over to the county treasurer. The evidence shows that the Peoria county board had delegated the responsibility of receiving these reports to the State's Attorney. During the period in question the reports submitted by the defendant showed a total amount due the county treasurer of $22,275, which he was ordered to pay to the county treasurer. The evidence showed and the defendant admitted that he had paid no part of this sum. While there is a variance between the indictment, which alleges that the defendant was a county officer, and the proof, which shows that during most of the period in question he was a township officer, we are unable to see how

this variance prejudiced the defendant. The statute provided that the defendant was to pay the money to the county treasurer and it is undisputed that the money was not paid. A variance is not regarded as material unless it is shown that the jury was misled by it or that some substantial injury was done to the accused. Under the circumstances of the present case we are of the opinion that the variance was not material.

Finally, the defendant contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. This argument is somewhat difficult to understand in view of the fact that the undisputed evidence, including the defendant's own admission, showed that he did not pay the funds to the county treasurer as required by law. The defendant admitted that he knew he was spending county funds which did not belong to him and testified that he tried to make his defalcations good by gambling at the race track. The defendant says that there is no evidence of fraud and points to the fact that he never concealed the fact that he owed the money to the county. The fraudulent intent is established by the fact that the defendant intentionally converted to his own use the funds which he was required to pay to the county treasurer. The evidence of the defendant's guilt was clear and convincing and was sufficient to establish his guilt beyond a reasonable doubt.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*