**People of the State of Illinois, Appellee, v. Edward E. Merrill, Appellant.**

Gen. No. 66–19.

Second District.

October 28, 1966.

Julius Lucius Echeles, Mitchell H. Caplan, and Earl B. Slavitt, of Chicago, for appellant.

John L. Moore, State's Attorney, of Oregon, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The defendant, Edward E. Merrill, was charged by information with the commission of the offense of burglary "in that he did, while within the limits of Ogle County, and without authority, knowingly enter into the tavern building owned by Welcome Inn, Inc., a corporation, and did therein commit a theft by removing a safe belonging to the said corporation." After trial by jury, the defendant was found guilty as charged and, after hearings on post-trial motions, was sentenced to a term of one to five years in the penitentiary. He appealed the verdict of the jury.

The defendant first argues that the State failed to prove the corporate existence of the "Welcome Inn, Inc." in Ogle County; and that even if a corporate existence were proven, the proper corporate name was "Hillcrest Welcome Inn, Inc." and there was, hence, a fatal variance.

To establish the existence of the corporation burglarized, the State called Charles Cole, the manager of the tavern, as its witness, who testified as follows:

"Q. Mr. Cole, do you know of your own knowledge whether or not Welcome Inn is an incorporated business?

"Mr. Echeles (defense counsel): I object to the leading nature of the question.

"The Court: Reframe the question.

"Q. Do you know what kind of business organization Welcome Inn is?

"A. Yes sir, it is incorporated.

．．．．．．

"Q. Mr. Cole, do you know who owned the safe that was removed on the 15th of August 1965 from the building?

"A. By the corporation.

"Q. Who owned the building from which the safe was removed?

"A. The corporation."

84

After the above questions were asked and the answers given, the defendant objected to them and moved "that they be stricken as improper questions and improper answers and for other grounds." No further basis was given for the objections, and they were overruled.

 Proof of the corporate existence of the entity which was burglarized was essential to the State's case. The People v. Clavey, 355 Ill 358, 366, 189 NE 364 (1934). Such proof may be made by introducing the corporate charter or a certified copy thereof, or a prima facie case as to its corporate existence may be established by user. Ill Rev Stats 1965, c 38, § 160–1. Also, it has long been held that a corporate existence may be shown by direct oral testimony if no objection is made to that method of proof. The People v. Gordon, 5 Ill2d 91, 95, 125 NE2d 73 (1955); The People v. Burger, 259 Ill 284, 287, 102 NE 751 (1913).

██ Furthermore, objections to evidence should specify the testimony considered objectionable and designate the features complained of; and specific objection to the admission of evidence must be made in all instances where the objection, if pointed out, might be obviated or corrected by the adverse party. The People v. Trefonas, 9 Ill2d 92, 98, 136 NE2d 817 (1956).

██ The only specific objection made by defendant was to a question as being leading. The question was then rephrased and the witness testified that the Welcome Inn was a corporation and that it owned the safe and building in question. No further objections were offered until this line of questioning was completed, and then the only objection was general in nature—that the questions and answers were "improper" and "for other grounds." Under the circumstances, we believe that the court committed no error in overruling the objections, and that the corporate existence was thus sufficiently established.

██ After moving for a directed verdict at the close of the State's case, the defendant chose to proceed and

85

offered evidence. It is well established that if any error were made in refusing to grant defendant's motion for a directed verdict at the close of the State's case, the defendant waived the error by proceeding. The People v. Slaughter, 29 Ill2d 384, 389, 194 NE2d 193 (1963) ; The People v. Washington, 23 Ill2d 546, 548, 179 NE2d 635 (1962) ; People v. Lacey, 49 Ill App2d 301, 305, 200 NE2d 11 (1964).

After the close of the State's case, the corporate existence was again established by defendant's proof and the State's proof in rebuttal, and at that time the court again refused to direct a verdict of not guilty. The defendant thereupon obtained leave to reopen the case and proceeded to prove the corporate existence of "Hillcrest Welcome Inn, Inc." by its Articles of Incorporation. One of the defendant's witnesses testified that this corporation was formed for the purpose of operating a tavern in the Village of Hillcrest, Ogle County, Illinois, and that the corporation owned the building it occupied and did operate a tavern business on that date. Defendant also introduced evidence that there ". . . was no other tavern in Hillcrest or any place in Ogle County known as the Welcome Inn, Inc., a corporation."

The State then called as its witness, Erwin Hackman, who testified that he was the owner of Hillcrest Welcome Inn, Inc.; that he was an officer of the corporation; that on the alleged date of the offense charged, the corporation was operating a tavern in Hillcrest; and that Charles Cole was at the time employed to manage the tavern. Charles Cole had previously testified for the State that he was the manager of the Welcome Inn in Hillcrest at the time of the alleged offense, and that it was a corporation; and he also testified as to the details of the alleged burglary which took place on the premises which he managed.

■ It seems clear—by various methods—that the corporate existence was sufficiently established. The

defendant also argues, however, that the variance between the corporate name contained in the information and that as shown by the proof is fatal to the State's case.

A variance itself is not, per se, a fatal defect. However, the information must clearly allege rights of possession and ownership in someone or some entity other than the defendant. People v. Henry, 68 Ill App2d 48, 51, 214 NE2d 550 (1966). The information in this case is, in this respect, sufficient. Moreover, the variance must not result in substantial injury to the defendant, either by causing the jury to be misled or by hindering the defendant in the intelligent presentation of his case. The People v. Thomas, 20 Ill2d 603, 606, 170 NE2d 543 (1960) ; The People v. Nelson, 17 Ill2d 509, 512, 162 NE2d 390 (1959) ; The People v. Cunningham, 300 Ill 376, 381, 133 NE 270 (1921).

The facts in this case leave no doubt as to the identity of the corporate owner of the building and the property taken, and there is no showing by the defendant, as there must be, that the variance has in any way harmed him. People v. Nelson, supra; People v. Cunningham, supra. The evidence clearly showed that there was no other tavern in the Village of Hillcrest or anywhere else in Ogle County known as the Welcome Inn.

The variance in this case is similar to that in People v. Van Hyning, 72 Ill App2d 108, 219 NE2d 268 (1966) where the defendant was charged by indictment with entering a building and carrying away property belonging to "Robert G. Carlson American Legion Post 1207, a not-for-profit corporation." In fact, the proof at the trial showed the correct corporate name to be "Lt. Robert C. A. Carlson Post No. 1207, The American Legion." This variance was held to be inconsequential, and we hold the same in this case with respect to the variance between the name of the corporation as set forth in the information and the name as proved by the evidence.

87

The purpose of an indictment or information is to apprise a defendant of the exact crime with which he is charged, so that he may prepare his defense, and may plead the judgment of conviction, or acquittal, in bar of a second prosecution for the same offense. This was accomplished in the case at bar despite the variance complained of. People v. Kurtz, 69 Ill App2d 282, 287, 216 NE2d 524 (1966).

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.