THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODGER BOWMAN *et al.,* Defendants-Appellants.

(No. 54621;

First District—March 4, 1971.

Gillis, Gildea & Rimland, of Chicago, (Kenneth L. Gillis, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Brent F. Carlson, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendants, Rodger Bowman and Michael Hoover, were tried without a jury, found guilty of battery and sentenced, respectively, to six months in the House of Correction, Chicago, and to six months at the State Farm, Vandalia. They contend that they were tried on a defective complaint and that they were not proven guilty beyond a reasonable doubt.

On the evening of March 31, 1969, Leon Wilbert, the complaining witness, was waiting for a bus at the corner of 147th Street and Oakley Boulevard, Chicago. He was approached by Bowman and Hoover, who accused him of being in a group which "jumped on" them the previous night. Wilbert testified that they started crowding him and as they did so he noticed several youths, who he believed were friends of Bowman and Hoover, crossing the street towards him. When Hoover walked around behind him he pushed Bowman and moved aside to avoid being encircled. Bowman hit him and they started to fight. When Wilbert saw more young men crossing the street in his direction, he fled and was pursued by the youths with Bowman and Hoover among them. Some threw rocks at him and he was hit by one which he thought was thrown by Hoover.

Bowman and Hoover were subsequently apprehended and charged with battery. The complaints alleged that each defendant committed battery in that he "knowingly and intentionally, without legal justification made physical contact by striking Leon Wilbert about the head and

body, in violation of Chapter 38, Section 12—3." Section 12—3(a) of chapter 38, Ill. Rev. Stat. 1967, states that, "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."

■■ The defendants argue that since the complaints referred to striking about the head and body, and did not allege either the infliction of bodily harm or physical contact of an insulting or provoking nature, no statutory offense was charged. This contention is without merit. It is not necessary that a complaint contain the precise language of the statute defining the offense if it describes the offense in language sufficiently explicit for the defendant to understand the nature and elements of the charge against him. (*People v. Jube* (1969), 106 Ill.App.2d 421, 245 N.E.2d 293; *People v. Hill* (1966), 68 Ill.App.2d 369, 216 N.E.2d 212.) The complaints stated the offense alleged to have been committed, cited the criminal statute which the defendants were accused of violating, and charged that the statute was violated due to the defendants striking the complainant about the head and body. The variance between the language of the complaints and that of the statute is inconsequential. Striking the complainant "about the head and body," described with specificity the "physical contact of an insulting or provoking nature" prohibited by the statute. The complaints informed the defendants with reasonable certainty of the charge against them and were sufficient to charge the offense of battery.

The defendants also contend that the evidence did not establish their guilt. Bowman argues that he was not guilty because he acted in self-defense upon being pushed by Wilbert. He admitted at the trial that he believed Wilbert" was scared because he thought both of us were going to jump on him and he pushed me first, and jumped to the side * * *." He now urges that because Wilbert made the first physical contact, his punching him was justified.

■■ An aggressor may not prevail by asserting self-defense, when the victim struck the first blow only because the aggressor put him in substantial fear for his own safety. The law of self-defense is the law of necessity, and the necessity relied on to justify the act of one must arise out of his own misconduct. (22 C.J.S. Criminal Law, sec. 53 (1961), *Dawkins v. Commonwealth* (1947), 186 Va. 55, 41 S.E.2d 500.) Wilbert pushed Bowman in an attempt to escape from a situation in which he believed he was in danger of being attacked. His use of force under this circumstance was lawful. (Ill. Rev. Stat. 1967, ch. 38, par. 7—1.) On the other hand, Bowman confronted Wilbert, argued with him and began to fight him. Bowman's use of force was without justification; he was

not threatened with physical harm, and there was no reason for him to believe that he was in danger. He may not now hide his unlawful actions behind the mask of self-defense.

Hoover argues that he was not guilty of battery, since he neither made physical contact with Wilbert nor engaged in activity which would make him accountable by aiding or abetting Bowman in the commission of the crime.

Wilbert testified that Hoover as well as Bowman argued with him concerning the fight of the previous evening, that they both "crowded" him and that Hoover walked behind him. However, he also said that Hoover neither struck him nor made physical contact with him. He testified that Hoover just stood there while he and Bowman exchanged blows.

A person is legally accountable for the conduct of another when: "(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1967, ch. 38, par. 5—2(c).) This court has held that though one may aid and abet without actively participating in the offense, mere presence or negative acquiescence is not sufficient to make a person a principal to a crime. *People v. Harris* (1969), 105 Ill.App.2d 305, 245 N.E.2d 80.

■■ The State stresses the fact that some youths followed the fleeing Wilbert, who testified that he thought Hoover threw a rock at him. Such indefinite identification is inconclusive. Further, Hoover was charged with striking Wilbert about the head and body—not hitting him with a rock. By Wilbert's own testimony, Hoover did not attempt to aid Bowman during the fight. Although he and Bowman may have agreed to accost Wilbert, there appears to have been no common design to commit a battery upon him. Hoover's walking behind Wilbert prior to his fight with Bowman is not sufficient, considering all the evidence, to establish beyond a reasonable doubt Hoover's accountability for Bowman's crime.

The conviction of Michael Hoover is reversed; that of Rodger Bowman is affirmed.

Reversed in part and affirmed in part.

McNAMARA, P. J., and SCHWARTZ, J., concur.