THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM PAUL LATHAM, Defendant-Appellant.

(No. 72-22;

Fifth District—July 13, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (Richard Cunningham, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from his conviction of the crime of aggravated battery. He contends that the indictment is invalid, plus other issues which we need not decide because of our resolution of the indictment issue.

The indictment reads in pertinent part as follows:

"William P. Latham committed the offense of aggravated battery in that he committed a battery upon Richard Stone by striking him with his fists, knowing the individual harmed * * * to be a police officer * * * in the execution of his official duties * * *."

■■ The statutory definition of aggravated assault must be read together with that of assault. (*People v. Whelan,* 132 Ill.App.2d 2, 267 N.E.2d 364.) Likewise, the statutory definition of aggravated battery must be read together with that of battery. The Illinois Revised Statutes necessary to our decision in this appeal are set out in chapter 38, in pertinent part below:

"12—3. Battery.
(a) A person commits battery if he intentionally or knowingly without legal justification and by any means,
(1) causes bodily harm to an individual, or
(2) makes physical contact of an insulting or provoking nature with an individual.
12—4. Aggravated Battery.
* * *
(b) A person who, in committing a battery * * *
(6) knows the individual harmed to be a peace officer * * * in the execution of his official duties."

■■ In order to allege aggravated battery, an indictment must first allege battery. In this case, the only portion of the indictment dealing with battery alleges only that the defendant "* * * committed a battery upon Richard Stone by striking him with his fists * * *." The indictment fails to allege that this conduct was performed "intentionally or knowingly," or that the physical contact caused "bodily harm" or that it was "of an insulting or provoking nature," all of which are elements of the offense as defined by section 12—3(a). Thus the language used permits the possibility that the defendant did not act "intentionally or knowingly", or that the physical contact was insufficient to constitute battery. Where the conduct alleged in an indictment may in itself be wholly innocent, it is essential that the unlawfulness of the conduct be

averred either by express allegation or by the use of terms, or the statement of facts, which clearly imply such unlawfulness. (41 Am.Jur.2d, "Indictments and Informations", pars. 111 and 113. See also *People v. Stewart*, 3 Ill.App.3d 699, 279 N.E.2d 53.) If the facts alleged may all be true and yet constitute no offense, the indictment is insufficient. (*People v. Barnes*, 314 Ill. 140, 145 N.E. 391.) In the absence of an accusation charging defendant with a violation of the criminal law, the indictment is void on its face, the trial court has no jurisdiction or authority to convict, and the defendant cannot by waiver or consent confer such jurisdiction or authority. *People v. Fore*, 384 Ill. 455, 51 N.E.2d 548; *People v. Minto*, 318 Ill. 293, 149 N.E. 241.

■■■ Under these principles the resolution of this appeal becomes apparent. A requisite element of the offense of battery is that the conduct be performed "intentionally or knowingly."[1] This indictment alleged no mental state and therefore failed to charge an offense. "* * * [T]he body of an indictment must specifically state the essential elements of the crime with which a criminal defendant is charged [citation], and where intent is made a part of the offense, it should be alleged in the indictment and proved on the trial." (*People v. Smith*, 57 Ill. App.2d 74 at 80, 206 N.E.2d 463 at 456.) The indictment in this appeal is invalid for failure to allege intentional or knowing conduct.

■■ Furthermore, this indictment does not allege the physical contact elements of battery. In *People v. Abrams*, 48 Ill.2d 446, 271 N.E.2d 37, our supreme court considered a complaint which charged that the defendant had committed battery in that she "knowingly and intentionally and without legal justification made physical contact with complainant herein without the consent of said complainant." Although there "intentionally and knowingly" was alleged, the court said:

> "The complaints here did not charge either that the physical contact was of an insulting or provoking nature or caused bodily harm, the alternative elements of the offense. Thus, the complaints for battery were also fatally defective and the judgments of conviction thereunder must be reversed."

(48 Ill.2d at 460-461.) Like the complaint in *Abrams*, the indictment in this appeal failed to allege that either bodily harm or that physical contact of an insulting or provoking nature resulted from the physical

---

[1] Ill. Rev. Stat., ch. 38, sec. 4—3 requires that all offenses (other than absolute liability offenses) be committed with one of the mental states set forth in Sections 4—4 through 4—7. These mental states are "intent", "knowledge", "recklessness", and "negligence". Section 12—3(a), *supra*, requires that to commit a battery the act must be done "intentionally" or "knowingly".

contact. Under the *Abrams* standard, this indictment is fatally defective.

For the foregoing reasons we reverse the judgment of conviction for aggravated battery.

Judgment reversed.

EBERSPACHER, P. J., and CREBS, J., concur.