THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELBERT DAVIS, Defendant-Appellant.

(No. 58161;

First District (4th Division)—February 27, 1974.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Linda West Conley, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Defendant, Elbert Davis, was charged by indictment with the murders of Willie Foster and Mary Patterson. A jury found defendant guilty of voluntary manslaughter of Willie Foster and guilty of the murder of Mary Patterson. He was sentenced to a term of twenty to forty years for the murder conviction and a concurrent term of eight to twenty years for voluntary manslaughter. Defendant appeals the conviction for murder and the sentence only on the conviction for voluntary manslaughter. He contends that:

(1) The trial judge erred in refusing to submit the jury instruction tendered by defendant on involuntary manslaughter;

(2) If defendant's right to have an involuntary manslaughter instruction given to the jury was fore-closed due to the erroneous tender of a voluntary manslaughter instruction by defendant's counsel, then defendant's counsel was incompetent and defendant was denied a fair trial; and

(3) Defendant's sentence of not less than eight nor more than twenty years for the voluntary manslaughter conviction should be reduced to conform to the Unified Code of Corrections.

The facts are as follows:

On the night of November 4, 1971, defendant was drinking with several friends. One of his friends, Felix Young, asked him to go and pick up a package from "this fellow". Defendant, Felix Young, and two other friends, Eddie Lewis and Ronald Harris, then got into a car and drove to pick up this package. Young directed them to the location where defendant and Eddie Lewis got out.

Defendant knocked at the door of one of the apartments. Betty Walker answered the door. Defendant was told "Boo" lived in the next apartment. Defendant went to the next door, knocked, and Willie Foster came to the door. When defendant asked for the package, Willie Foster asked, "What package?" Defendant replied, "Felix's package." Foster then said, "Well, the package is not here and I told Felix whenever he give me my ten dollars, he can get his gun. As a matter of fact the package is not here. A friend of mine has got the package." When Foster answered the door, Mary Patterson was standing near him. The altercation continued for a short time and defendant then fired a sawed-off shotgun two times, killing both Willie Foster and Mary Patterson.

Defendant testified in his own behalf at trial and said that he had fired the gun since he believed that Foster was armed and that he had fired only when Foster stepped back and turned slightly. He remembered seeing Mary Patterson when Willie Foster opened the door, but said that Foster had told her to go sit down. He said that he did not see her when he fired the gun and he assumed she was still sitting down somewhere inside the apartment.

Defendant's initial contention regarding his murder conviction is that the trial court erred in failing to give defendant's instruction on involuntary manslaughter to the jury:

"A person commits the crime of involuntary manslaughter who causes the death of another by acts which are performed recklessly and are likely to cause death or great bodily harm to another."

It was defendant's theory of the case that he fired both shots at Willie

Foster, intending to hit Willie Foster and not Mary Patterson. He testified that he did not see Mary Patterson at the time he fired and believed that she was sitting down. This would then have been, he argues, a reckless act and he then would have been guilty of involuntary manslaughter. Defendant acknowledges that the State presented evidence on its competing theory, that defendant fired the second shot intending to kill Mary Patterson, but urges that the jury should have been instructed on defendant's theory as well, so they could decide between the two competing theories presented.

■■ The defendant was entitled to have an instruction based on his theory of the case presented to the jury. "Both the People and the defendant are entitled to instructions presenting their theories of the case, if supported by evidence." ( *City of Chicago v. Mayer* ( No. 43044 ), 56 Ill. 2d 366; citing *People v. Provo,* 409 Ill. 63, 72, 97 N.E.2d 802; *People v. Scott,* 401 Ill. 80, 86, 81 N.E.2d 426; and *People v. Matter,* 371 Ill. 333, 338, 20 N.E.2d 600.) The question of whether this instruction should have been given turns on whether there was sufficient evidence in the record that defendant's actions, in regard to Mary Patterson, could have been considered a reckless act. The State argues that since defendant admitted firing the shotgun with the intent to kill Willie Foster, that the element of recklessness to kill Mary Patterson is not presented by the evidence, and therefore, the refusal to give the involuntary manslaughter instruction was proper.

The State has failed to distinguish between defendant's intent to kill Willie Foster and his intent regarding Mary Patterson. Defendant stated that he did not see Mary Patterson when he fired. He believed she was sitting down "someplace". His firing at Foster was intentional, but, in his version of the incident, the death of Mary Patterson could have been the result of a reckless act, the firing of a shotgun through the doorway of the apartment. The cases cited by the State, *People v. Voss,* 6 Ill.App. 3d 362, 285 N.E.2d 816, and *People v. Brown,* 131 Ill.App.2d 244, 266 N.E.2d 131, are distinguishable from the case at bar since in both cases there was an intent to kill the person involved, and not a second party who the defendant thought was not in the line of fire. The acts in the cases cited by the State were intentional and were inconsistent with recklessness. In the instant case, the intentional act of shooting Willie Foster was not necessarily inconsistent with the reckless act of killing Mary Patterson. This does not, of course, mean that defendant's theory of the case was correct and binding upon the jury, but rather that since there was evidence to support defendant's theory, that the instruction dealing with involuntary manslaughter should have been given. As was noted in *People v. Guthrie,* 123 Ill.App.2d 407, 258 N.E.2d 802:

"* * * it is our judgment that there is sufficient evidence in this record to support a jury verdict either of murder or of involuntary manslaughter. It is not our province to determine which verdict is proper. It is for the jury to make the choice between two different concepts or theories as to what crime this evidence actually discloses. It was error not to give them that choice and to give them that choice by the submission of an involuntary manslaughter verdict together with an explanation of the legal principles involved in involuntary manslaughter. There is evidence in this case which, if believed by the jury, would warrant a conviction of involuntary manslaughter. The failure to submit the issue to the jury requires a new trial. *People v. Canada*, 26 Ill.2d 491, 187 N.E.2d 243; *People v. McCrory*, 25 Ill.2d 213, 184 N.E. 2d 846; *People v. Harris*, 8 Ill.2d 431, 134 N.E.2d 315." 123 Ill. App.2d 413-414.

The judgment of the trial court must then be reversed as to the murder conviction and the cause remanded for a new trial in accordance with the views expressed herein. There is no need, in light of this finding, to consider other contentions regarding the murder conviction.

■■■ Defendant did not raise any possible errors relating to his conviction for voluntary manslaughter, but has asked this court to modify the minimum sentence imposed to conform with the provisions of the Unified Code of Corrections. Since the instant case had not reached a "final adjudication" as of the effective date of the Unified Code of Corrections, defendant is therefore entitled to the benefit of its provisions. (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1008—2—4; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Voluntary manslaughter is classified as a Class 2 felony by the Code (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 9—2(c)) and as such the maximum term may be any term in excess of one year not exceeding twenty years, with a minimum term not greater than one-third the maximum term set by the court. (Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 1005—8—1(b)(3) and 1005—8—1(c)(3).) The minimum sentence is accordingly modified to not less than six years and eight months.

The judgment of the circuit court of Cook County is affirmed as modified as to the voluntary manslaughter. The judgment of the circuit court of Cook County as to the murder of Mary Patterson is reversed and the cause remanded for new trial.

Affirmed in part, reversed in part and remanded.

BURMAN and DIERINGER, JJ., concur.