The People of the State of Illinois, Plaintiff-Appellee, *v.* Richard McEvoy, Defendant-Appellant.

(No. 60725; ▮▮▮▮▮▮▮▮)

First District (4th Division)—October 22, 1975.

BURMAN, J., dissenting.

Edwards, Haney, Singer & Stein, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

· Mr. JUSTICE JOHNSON delivered the opinion of the court:

Richard McEvoy was charged with battery (Ill. Rev. Stat. 1973, ch. 38, § 12—3) and convicted by a jury. He was fined $100 and court costs. In this appeal he raises the following issues for review: (1) whether defendant was properly convicted of battery when the evidence introduced by the State proved a substantive offense other than the one charged in the complaint; (2) whether the trial judge committed reversible error in instructing the jury; and (3) whether the trial court committed reversible error by refusing to give an instruction on the law of justifiable use of force when defendant is not under arrest, is not being detained, and a police officer prevents his exit.

The relevant facts in this case are not in dispute. Defendant's brother was involved in an automobile accident and was taken to the police station for questioning. The defendant, a passenger in the vehicle, followed the police to the station and waited for his brother in the squadroom. After waiting for several minutes, the defendant became impatient and requested permission to see his brother. However, the defendant was told that he could not see his brother until the interview was completed. Defendant made a second request to see his brother, but it too was denied. The defendant then asked if he was under arrest and was told by an officer that he was not under arrest but was there for questioning. The defendant then announced that he was leaving but was told by an officer to sit down. When he started moving toward the exit, an officer stood in the doorway to prevent him from leaving. Defendant then shoved the officer back into a row of metal lockers.

After the altercation, defendant was taken to the cellblock. He was later informed that charges would not be brought against him and he would be released, if he would quiet down. Defendant, however, refused to leave and requested that he be charged. Charges were at that time filed against him.

The defendant argues that the trial court committed reversible error by convicting him of battery [1] when the evidence proved a substantive offense other than the one charged in the complaint. The complaint charged the defendant as follows:

"Richard T. McEvoy * * * committed the offense of battery in that he knowing James E. Janda to be a peace officer, while such James Janda was engaged in his official duties as a peace

---

[1] "(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev. Stat. 1973, ch. 38, par. 12—3.

officer did intentionally and knowingly, without legal justification cause bodily harm by pushing with his hands on the chest of officer James Janda without legal justification in violation of Chapter 38, Section 12—3, Illinois Revised Statute, and against the peace and dignity of the People of the State of Illinois."

Defendant argues further that there was a variance between the facts proved and the offense charged and contends that the variance was fatal. (*People v. Rivas* (1955), 5 Ill.2d 556, 126 N.E.2d 638; *People v. Merrill* (1966), 76 Ill.App.2d 82, 87, 221 N.E.2d 145.) As a result of the fatal variance, defendant contends that he was prejudiced since the jury was never asked to consider the issue of bodily harm; the defendant was not given proper notice; the jury was misled as to the issues involved in the proof; and the defendant was placed in double jeopardy. Lastly, defendant argues that the State implicitly or indirectly amended the complaint by instructing on an alternative battery offense—contact of an insulting or provoking nature.

We think the substance of defendant's argument is that the complaint charged him with "contact causing bodily harm," but only proved "contact of an insulting or provoking nature." After reviewing the record, we find defendant's argument to be without merit.

■■ A battery is a misdemeanor (*People v. Basile* (1968), 112 Ill.App.2d 108, 110, 251 N.E.2d 277) which consists of the willful touching of the person of another by the aggressor, or with some substance being put in motion by him in the consummation of an assault. (*People v. Grieco* (1970), 44 Ill.2d 407, 411, 255 N.E.2d 897, *cert. denied*, 400 U.S. 825, 27 L.Ed.2d 54, 91 S.Ct. 49.) To establish that there has been bodily harm in a battery case, there is no requirement that the evidence demonstrate a visible injury such as bruising, scratching or bleeding. *People v. Smith* (1974), 23 Ill.App.3d 769, 320 N.E.2d 172; *People v. Lowe* (1973), 12 Ill.App.3d 959, 299 N.E.2d 341.

In *People v. Lowe* (1973), 12 Ill.App.3d 959, 299 N.E.2d 341, a battery case, the charge was limited to one particular definition of battery, namely, causing bodily harm to the individual, and excluded the alternative definition of battery, making contact of an insulting or provoking nature. The court held that it was inconsequential that the complaint did not mention the words "insulting or provoking nature," in addition to describing defendant's alleged conduct and citing the specific criminal statute. Likewise is *People v. Bowman* (1971), 132 Ill.App.2d 744, 270 N.E.2d 285, a case relied on by *Lowe*. There, the defendants argued that since the complaints referred to striking the complainant "about the head and body and did not allege either the infliction of bodily harm or

physical contact of an insulting or provoking nature," no statutory offense was charged. The court stated:

> "It is not necessary that a complaint contain the precise language of the statute defining the offense if it describes the offense in language sufficiently explicit for the defendant to understand the nature and elements of the charge against him. [Citations.] The complaints stated the offense alleged to have been committed, cited the criminal statute which the defendants were accused of violating, and charged that the statute was violated due to the defendants striking the complainant about the head and body. The variance between the language of the complaints and that of the statute is inconsequential." 132 Ill.App.2d 744, 746.

■■■ The defendant does not deny that he touched or made contact with the complainant—he argues that there was no proof of bodily harm. After examining the record, we do not think that it was unreasonable for the trial judge to find the defendant guilty by giving more weight to the testimony of the complaining witness than to that of defendant, nor do we think that the evidence was so unsatisfactory as to create a reasonable doubt of defendant's guilt. Since the complaint sufficiently particularized the crime by stating the offense, specifying defendant's conduct and citing the statute, thereby informing the accused of the nature of the charge (*People v. Harvey* (1973), 53 Ill.2d 585, 588, 294 N.E.2d 269), we do not think that he has any reason to complain. We think that the jury considered the issue of bodily harm and that they were not misled by the issues in the case. All the witnesses, including the defendant, testified that he pushed the officer in his chest. Consequently, we hold that this conduct comes within the purview of the statutory definition of bodily harm, that the complaint was sufficiently certain to enable the defendant to prepare a defense, and that this conviction will serve as a bar to a future prosecution for the same offense.

Finally, the cases relied on by defendant can be distinguished. *Rivas* can be distinguished on its facts—there, the indictment singled out a specific offense but the proof relates to other separate and distinct offenses. In the case at bar, the proof relates to the same transaction or occurrence specified in the complaint. *Merrill*, on the other hand, was a burglary case which raised the question of properly proving corporate existence. That case is clearly different from the instant case, and the variance therein was found to be inconsequential.

■■ In his second point, the defendant argues that the court erred by giving an instruction which states, "a person commits the crime of battery who by any means knowingly or intentionally makes contact of an insulting or provoking nature with another person," while the complaint charged the defendant with "causing bodily harm." We think that the

judge correctly informed the jury of the legal principles applicable to the facts in the case. In *People v. Rosochacki* (1969), 41 Ill.2d 483, 244 N.E.2d 136, where it was alleged that there was a variance between the crime charged and the instruction given, the following test was used to determine if the conviction would be vitiated:

> "* * * [I]t [the variance] would not vitiate the conviction unless it was of such a character as to mislead the defendant in his defense or expose him to double jeopardy. [Citations.]" (41 Ill.2d 483, 492.)

Although a variance does exist, it did not result in a substantial injury to defendant since the jury was not misled, the defendant was not hindered in an intelligent presentation of his case, and will not be exposed to double jeopardy.

Defendant's final point is that the trial judge erred by refusing his instruction on the justifiable use of force. Counsel for defendant submitted the following instruction on self-defense:

> "A person is justified in the use of force when to the extent that he reasonably believes such conduct is necessary to defend himself against another with imminent use of force."

The trial judge refused the proffered instruction and stated that there was "not one word of self-defense in that whole record." Finally, defense counsel made a motion to amend the State's instruction to include as an element the justifiable use of force which was refused.

■■ The function of instructions is to convey to the jurors the correct principles of law applicable to the evidence so that the jury, after making its findings, can apply the proper legal principles. (*People v. Gambony* (1948), 402 Ill. 74, 81-82, 83 N.E.2d 321; also see 21 U. Chi. L. Rev. 386 (1954).) Instructions are to be given by the trial judge who leaves pure questions of fact for the jury, and advises the jury on questions of law. Since the People and the accused are entitled to have the jury instructed as to the law applicable to any state of facts (*People v. Davis* (1974), 18 Ill.App.3d 173, 175, 309 N.E.2d 338; *People v. Peeler* (1973), 12 Ill. App.3d 940, 944, 299 N.E.2d 382), reviewing courts must determine if there is any evidence which would support an instruction on the issue in the case (*United States v. Kahn* (7th Cir. 1967), 381 F.2d 824), and must view the instruction in its factual setting. (*City of Chicago v. Mayer* (1974), 56 Ill.2d 366, 370-71, 308 N.E.2d 601.) After reviewing the record and considering the defense in its factual context, we find no evidentiary support for the refused instructions.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., concurs.

Mr. JUSTICE BURMAN, dissenting:

The defendant was charged by complaint with the offense of battery in that he "intentionally and knowingly, without legal justification, cause[d] bodily harm by pushing with his hands on the chest of Officer James Janda" in violation of section 12—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—3). The cause proceeded to trial before a jury. The State did not introduce any evidence of bodily harm and, at the close of its evidence, the defendant moved for a directed finding alleging that the State had not made a prima facie case, which was erroneously denied. The State did not file an amendment to the complaint at that time and it is my belief that the State was bound at this stage of the proceedings by the unproven charge in the complaint. Moreover, the trial court erred in instructing the jury that the State must prove the defendant knowingly or intentionally made physical contact of an insulting or provoking nature with James E. Janda since that was not the charge upon which the defendant was being prosecuted.

Section 12—3(a) of the Criminal Code defines in disjunctive language two separate acts which constitute battery, namely, (1) causing bodily harm to another, and (2) physical contact that is of an insulting or provoking nature. (Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a)(1)(2).) In the case at bar, the complaint charged the defendant with battery in that he "cause[d] bodily harm" to a police officer. The State argues that the words "cause[d] bodily harm" were merely surplusage and were properly disregarded. I disagree. It has been held that in order to charge or convict an individual of the offense of "committing a battery," one of the statutory grounds for such offense must be specified. (*People v. Abrams*, 48 Ill.2d 446, 460-61, 271 N.E.2d 37, 46; *People v. Latham*, 13 Ill.App.3d 371, 373, 299 N.E.2d 808, 810.) Moreover, to the extent that one is charged with a specific crime, he may not be found guilty of another even though the evidence might support such a finding. (*People v. Priest*, 9 Ill.App.3d 499, 502, 292 N.E.2d 518, 520.) Furthermore, a variance between allegations of a charge and the evidence will vitiate a criminal trial if such variance results in substantial injury to the defendant, either by causing the jury to be misled or by hindering the defendant in the intelligent presentation of his case. (*People v. Fry*, 29 Ill.2d 455, 458, 194 N.E.2d 267, 269; *People v. Bristow*, 8 Ill.App.3d 805, 808, 291 N.E.2d 189, 192.

Applying the above legal tenets to the instant case, it is clear that the words "cause[d] bodily harm" were not mere surplusage but were incorporated into the body of the complaint to particularize the battery charge, thus comporting with the above enunciated judicial precept. The

State chose to charge the defendant with causing bodily harm under section 12—3(a)(1) and did not include the alternative statutory element of such offense pertaining to battery "by contact of an insulting or provoking nature." Having done so, the State was limited to proving just the offense specified in the complaint and not the charge upon which the defendant was ultimately convicted. The variance that resulted between the offense charged and evidence tendered did substantially injure the defendant in that the jury was misled since they were never asked to consider the issue of bodily harm nor did they receive any instructions concerning the statutory element. This variance also placed a damper on an intelligent presentation of the defendant's case because it was the charge of "bodily harm" and not "contact of an insulting or provoking nature" which the defense prepared and arranged its strategy. I therefore believe that the defendant's timely objection to this fatal variance should have been sustained.

Assuming arguendo that it was procedurally proper to convict the defendant of the alternative battery offense concerning "contact of an insulting or provoking nature," the record is devoid of any evidence that the police officer was insulted or provoked. The defendant was a passenger in his brother's vehicle which was involved in an accident. Even though he was injured in that occurrence, he followed his brother to the police station on his own volition, so that he could be of some assistance. While waiting for some time to see and talk to his brother, he became agitated and excited. When he attempted to leave the station, Officer Janda stood in front of him to prevent his departure. The defendant's reaction to this human barrier was to push Officer Janda into, as Janda testified, a row of metal wall lockers.

In light of the above facts, it is apparent that the defendant did not violate section 12—3(a)(2) of the Criminal Code. It must be noted at the outset that the defendant, not having been charged with any offense, was improperly detained in the police station against his will. As mentioned earlier, the defendant came to the police station on his own volition. At no time while present in the station was the defendant placed under arrest nor did he attempt to agitate the police. It was only after the repeated denials by the police to his requests to see his brother that the defendant decided to depart, which was his right and privilege. The fact that the defendant was informed, subsequent to the altercation with Officer Janda, that he could go home if he cooled off further evidences the lack of intent by the police to charge him with any offense. Apparently, he thought that by compelling the officers to charge him with an offense, he would have the opportunity to assert and vindicate his civil

rights. I would therefore submit that the proof clearly established that the defendant was not found guilty beyond a reasonable doubt of engaging in "contact of an insulting or provoking nature" and his conviction should be reversed.

Finally, the cases cited by the majority in support of their decision are distinguishable from the instant case. In *People v. Lowe,* 12 Ill. App.3d 959, 299 N.E.2d 341, the matter in controversy did not entail a question of variance between the charge alleged in the complaint and evidence proffered at trial. Rather, in *Lowe,* both the charge in the complaint and the proof at trial pertained to the statutory element of "cause[d] bodily harm". On appeal, the Fifth Division for the First District rejected the defendant's sole contention that there was insufficient evidence of bodily harm adduced at trial and held, in effect, that both "bodily harm" and "insulting or provoking" physical contact need not be alleged to prevent the defendant from being misled as to the charge. Moreover, the reference to *People v. Bowman,* 132 Ill.App.2d 744, 270 N.E.2d 285, is equally inapplicable. Analogous to the decision in *Lowe,* the court in *Bowman* was not confronted with an issue of variance between the complaint and the proffered evidence at trial. Instead, the controversy centered over whether the complaint, which did not allege verbatim either battery statutory element, adequately apprised the defendant of the offense with which he was charged. In responding in the affirmative, the Third Division for the First District held that the variance between the language of the complaint and that of the statute is inconsequential. (*People v. Bowman,* 132 Ill.App.2d 744, 746, 270 N.E.2d 285, 287.) In doing so, the court noted that a complaint which stated the offense alleged to have been committed, cited the criminal statute in question, and specified the acts committed in violation thereof (striking the complainant about the head and body) was sufficient to describe a charge of battery "by contact of an insulting or provoking nature." (*Bowman.*) Yet, in the instant case, the complaint explicitly mentioned a battery charge based on "bodily harm" and did not evince any indication that the specified conduct causing the bodily harm was of an "insulting or provoking nature". Therefore, for the above reasons, I do not believe that these cases are applicable and, coupled with the other arguments, there should not be a criminal conviction of record against the defendant.