**UNITED STATES of America, Plaintiff,**

**v.**

**Dennis LANGE, Defendant.**

**No. 76–CR–114.**

United States District Court,
E. D. Wisconsin.

Sept. 23, 1976.

William J. Mulligan, U.S. Atty., by Charles H. Bohl, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Ralph A. Kalal, Madison, Wis., for defendant.

MYRON L. GORDON, District Judge.

The defendant has filed pre-trial motions (1) to dismiss the indictment in this action, (2) to compel election of offenses charged in the same count of the indictment, (3) demanding discovery, (4) for disclosure of the identity and location of an alleged transactional confidential informant, (5) demanding certain alleged exculpatory evidence, and (6) for disclosure of wiretapping or electronic eavesdropping of himself, his residence, his place of employment, and his automobile. I believe, that motions (1) through (5) above should be denied and that motion (6) should be granted in part.

### (1) MOTION TO DISMISS THE INDICTMENT

The one-count indictment in this action alleges that the defendant:

> "did knowingly, intentionally and unlawfully possess, with intent to distribute, and did distribute approximately 43.1 grams (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Section 841(a)(1) Title 21, United States Code."

The defendant argues that the indictment fails to give him adequate notice of the offense of which he is charged and fails to allege all the elements of that offense, because it does not describe the word "cocaine". He asserts that there are various types of cocaine, some of which are not proscribed by 21 U.S.C. § 841(1)(a), and he

further requests an evidentiary hearing to so demonstrate.

■ The indictment refers to "cocaine, a Schedule II Narcotic Drug Controlled Substance." The following are listed among schedule II controlled substances:

"Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine." 21 U.S.C. § 812(c), Schedule II(a)(4).

I have previously taken judicial notice that cocaine is a derivative of coca leaves. *United States v. Umentum*, 401 F.Supp. 746, 748 (E.D. Wis.1975). Therefore, the indictment charges the defendant with possession with intent to distribute and with distribution of those types of cocaine which are derived or prepared from coca leaves or chemically equivalent to such derivatives or preparations. I believe that the description set forth in § 812(c) Schedule II(a)(4) gives the defendant adequate notice of the offense of which he is charged and that the indictment does state all of the requisite elements of that offense. The motion to dismiss the indictment will therefore be denied.

The defendant's contention that some types of cocaine are not proscribed because they do not derive from coca leaves is a matter which can be raised at trial. Before the defendant may be found guilty of the offense charged, the plaintiff will have to prove all of the elements of that offense beyond a reasonable doubt. The defendant will then, of course, be free to counter the plaintiff's proof by arguing or demonstrating that he did not actually possess with intent to distribute or distribute the type of cocaine described in the indictment. Since the matter of the nature of the cocaine in question can be considered at trial, I believe that the defendant's request for an evidentiary hearing at this time on that matter should be denied.

## (2) MOTION TO COMPEL ELECTION

As previously noted, the indictment charges that the defendant "did knowingly, intentionally and unlawfully possess, with intent to distribute, *and* did distribute. . . . " (emphasis added) a quantity of cocaine. The defendant argues that by use of the word "and", the indictment charges him in a single count with two substantive offenses. He therefore moves for an order requiring the government to elect to charge him with possession with intent to distribute, *or* with distribution, of cocaine, but not with both offenses in a single count indictment.

■ In *United States v. Umentum*, 401 F.Supp. 746 (E.D. Wis.1975), I rejected the identical argument when raised by the defendants in that case, stating at p. 751:

"Some statutes are directed against certain defined modes for accomplishing a general object and impose criminal penalties upon the doing of any of several specified things, each having reference to that object. Under such statute, the doing of the prohibited thing in each and all of the prohibited modes may be charged in the conjunctive in one count. *Crain v. United States*, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097 (1896); *United States v. Amick*, 439 F.2d 351 (7th Cir.1971). I believe that 21 U.S.C. § 841 is directed generally against the process of distributing controlled substances in this country and that possession with intent to distribute and distribution itself are only different modes of violating the statute's proscriptions. See *United States v. Herbert*, 502 F.2d 890 (10th Cir.1974). Accordingly, the defendants' motion to dismiss or elect will be denied."

For the above reasons stated in *Umentum*, the defendant's motion to compel election of offenses charged in the same count of the indictment will be denied.

## (3) DEMAND FOR DISCOVERY

The defendant demands that he be allowed to inspect and copy or photograph his

own statements, his criminal record, results of scientific tests, and other matters in the possession, custody, or control of the prosecution. The government states in its responsive brief:

". . . the requested items, to the extent that they exist, are or soon will be available in the government's file, with the exception of the materials named in paragraph five of defendant's Demand which will be made available to defendant's counsel or experts at some mutually agreeable time."

■ The defendant has not filed a reply brief on its demand for discovery, nor has he indicated in any other way that the prosecution's response is unacceptable to him. I therefore conclude that the government's proposal is satisfactory to the defendant, and his demand for discovery accordingly will be denied.

### (4) MOTION FOR DISCLOSURE OF INFORMANT

The defendant moves for an order requiring the plaintiff to disclose the identity, location, and criminal record, if any, of an alleged "confidential D.E.A. informant known as 'SI350003'." The government states in response:

". . . the informant's identity will be made known to the defendant two weeks prior to trial, at which time the government will arrange at the defendant's request to have the informant present at the Office of the United States Attorney where he may be interviewed by defendant."

■ As in the case of the defendant's demand for discovery above, the defendant has here made no indication that the government's response is unacceptable to him. I therefore again conclude that the prosecutor has responded in a manner satisfactory to the defendant, and his motion will be denied.

### ■ DEMANDS FOR EXCULPATORY EVIDENCE

In separate motions, the defendant demands all evidence in the plaintiff's posses-

sion which tends to exculpate him of the offense with which he is charged and "all evidence in the Plaintiff's possession tending to show that the tests performed for the alleged controlled substance . . . are not specific for that controlled substance." In response, the plaintiff states that it is "aware" of its burden under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that

". . . the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

In *United States v. Agurs, supra,* the Court described more fully a prosecutor's obligation to make exculpatory material in his possession available to a defendant.

■ I find no need to order the government to comply with its obligation under *Brady v. Maryland, supra.* The defendant's motion for disclosure is specific, and I construe the prosecution's response to this motion to be a recognition of its duty under *United States v. Agurs.* Under these circumstances, a failure on the part of the prosecution to make a full disclosure would be fatal to this prosecution, and there is no apparent reason at this time to believe that the government will be derelict in this duty.

### (6) MOTION FOR DISCLOSURE OF WIRETAPPING

The defendant moves for an order requiring the plaintiff to disclose whether it or its agents have engaged in wiretapping or electronic eavesdropping of the defendant, his residence, his place of employment, or his automobile. If the government discloses that such surveillance has occurred, the defendant further requests that the fruits of the surveillance be disclosed to him, and

**404**

that the fruits and evidence derived from the fruits be suppressed as evidence against him.

In response, the prosecution argues that it has no obligation to make the requested disclosure as to the occurrence of electronic surveillance, because the defendant has stated no basis for believing that such surveillance occurred.

18 U.S.C. § 3504 provides in part:

"Litigation concerning sources of evidence.—(a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States—

"(1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act;

"(b) As used in this section 'unlawful act' means any act the use of any electronic, mechanical, or other device (as defined in section 2510(5) of this title) in violation of the Constitution or laws of the United States or any regulation or standard promulgated pursuant thereto."

■ In order to trigger the government's obligation to "affirm or deny" the existence of unlawful electronic surveillance, a "party aggrieved", here the defendant, need only assert that such surveillance has occurred. *United States v. Toscanino*, 500 F.2d 267, 281 (2d Cir.1974); *In re Evans*, 146 U.S.App.D.C. 310, 452 F.2d 1239, 1242 (1971); see also *United States v. Vielguth*, 502 F.2d 1257 (9th Cir.1974). I believe that the defendant's request may be viewed as an assertion of the possibility that the proscribed surveillance has occurred, and I accordingly will order the plaintiff to meet its burden to "affirm or deny" under 18 U.S.C. § 3504.

■ Since the government has not yet stated whether any unlawful electronic surveillance occurred, I believe it premature to decide at this juncture whether the results of the surveillance should be disclosed to the defendant and whether they should be suppressed as evidence against him. Disclosure of such results is a sensitive matter, involving diverse important, and frequently conflicting, interests. See *In re Lochiatto*, 497 F.2d 803 (1st Cir.1974). Congress has provided that when an "aggrieved person" moves to suppress the contents of, or evidence derived from, intercepted wire or oral communications, a judge ". . . may in his discretion make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived therefrom as the judge determines to be in the interests of justice." 18 U.S.C. § 2518(10)(a). This statute underscores the notion that the defendant may not expect, as a matter of course, to receive all of the fruits of illegal electronic surveillance engaged in by the government.

The question of suppression, like disclosure, cannot be decided before the prosecution indicates whether any improper surveillance has occurred. 18 U.S.C. § 2518(10)(a) sets forth the procedure and grounds for such a motion to suppress. I note that the defendant's motion broadly requests suppression of ". . . the fruits of such wiretapping or electronic eavesdropping . . . and all leads, direct or indirect, tangible or intangible, derived therefrom." His motion is based neither on the grounds enumerated in § 2518(10)(a), nor on any other grounds. This additional reason persuades me that the disclosure and suppression motions are premature.

Once the plaintiff has made the required response as to the existence of proscribed surveillance, the defendant is free to raise anew motions for disclosure and suppression. Because of the difficulty and sensitivity of the matter, and with a view to policy mandating prompt resolution of criminal cases suggested by the Speedy Trial Act, I will require the defendant to serve and file such motions, if any, not more than five days after receipt of the plaintiff's affirmance or denial.

Therefore, IT IS ORDERED that the defendant's motion to dismiss the indictment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to compel election of offenses charged in the same count of the indictment be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's demand for discovery be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion for disclosure of the identity and location of a transactional confidential informant be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's demands for exculpatory evidence be and hereby are denied.

IT IS FURTHER ORDERED that the defendant's motion for disclosure of wiretapping or electronic eavesdropping of the defendant be and hereby is granted in part. The plaintiff is ordered to affirm or deny the occurrence of any unlawful surveillance under 18 U.S.C. § 3504(a)(1) within ten days of the date of this decision and order. The defendant may raise motions as to disclosure and suppression not more than five days after receipt of the plaintiff's affirmance or denial.