THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
STEVEN M. BISSAILLON, Defendant-Appellee.

Third District No. 77-365

Opinion filed December 30, 1977.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Paul F. Davidson, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

The Circuit Court of Kankakee County dismissed a complaint charging defendant, Steven M. Bissaillon, with battery. (Ill. Rev. Stat. 1975, ch. 38, par. 12—3.) The complaint was found defective in failing to allege that "bodily harm" was caused by defendant's contact with the victim. Appeal is taken by the State pursuant to Supreme Court Rule 604(a)(1). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) We reverse.

■■ Under section 111—3(a) of the Code of Criminal Procedure of 1963, a complaint must set forth the nature and elements of the offense with which defendant is charged. (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a).) If this requirement is not met the complaint is subject to dismissal for failure to state an offense. (Ill. Rev. Stat. 1975, ch. 38, par. 114—

1(a)(8).) Whether the requirements of section 111—3(a) have been met must be judged in light of the purpose of a complaint, which is to inform the defendant of the charge against him so that he is able to prepare a proper defense. (*People v. Bowman* (1st Dist. 1971), 132 Ill. App. 2d 744, 270 N.E.2d 285.) If the nature and elements of the offense charged are sufficiently set forth to achieve this purpose, a complaint should be upheld.

The elements of the offense of battery are found in section 12—3 of the Criminal Code of 1961, as follows:

> "(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1975, ch. 38, par. 12—3.)

In comparison, the complaint in the instant case set forth the elements of the offense as follows:

> "Defendant did, on the 18th day of December, 1976,* * * intentionally and knowingly, strike Complainant about the neck without legal justification with his left arm thereby causing a contact of an insulting and provoking nature."

■■ The complaint is obviously sufficient on its face in that it recites almost verbatim the language of the statute. The means by which defendant made contact with the victim is specified and that contact is alleged to have been insulting and provoking. A battery complaint need not allege that defendant's contact was both insulting and provoking and the cause of bodily harm to the victim because the disjunctive "or" between clauses (1) and (2) in section 12—3 clearly indicates that these are alternate elements of the offense of battery. Therefore, it is sufficient to allege either element. *People v. Abrams* (1971), 48 Ill. 2d 446, 271 N.E.2d 37.

Nevertheless, defendant argues that the complaint is inadequate to inform him of the charge against him. He contends that use of the word "strike" in conjunction with an allegation of insulting and provoking contact makes the complaint internally inconsistent. Defendant argues that the word "strike" means "a violent blow" which would necessarily result in "bodily harm." Thus, the failure to include "bodily harm" is said to be confusing.

■■ The argument is without merit. Linguistic precision is not required in the drafting of a sufficient complaint. As our supreme court has stated:

> "Whether the information is sufficient * * * is to be determined by the substance of the charge and not the technicalities of its

language." (*People v. Mahle* (1974), 57 Ill. 2d 279, 283, 312 N.E.2d 267, 270.)

Determining the sufficiency of complaints based on substance rather than language has allowed courts to uphold complaints which were surely less precise than that found in this case. For example, an allegation that defendant "kneed said officer in the groin" was held sufficient absent any mention of the words insulting, provoking or bodily harm. *People v. Daly* (1st Dist. 1972), 9 Ill. App. 3d 260, 292 N.E.2d 128.

Furthermore, use of the verb strike was approved in *People v. Bowman* (1st Dist. 1971), 132 Ill. App. 2d 744, 270 N.E.2d 285, where the court upheld a complaint alleging that the defendant "struck the victim about the head and body" even though there was no allegation that the contact caused bodily harm or was insulting and provoking.

These cases clearly indicate that a complaint should not be dismissed if the substance of that complaint apprises accused of the crime charged and enables him to prepare an adequate defense. The complaint in the present case informed defendant of the nature and elements of the charge against him and should not have been dismissed. The Circuit Court of Kankakee County is reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.