THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TOMPPY SPATES, Defendant-Appellant.

Second District   No. 85—0055

Opinion filed May 16, 1986.

Michael E. Ryan, of Kiss & Ryan, of Carpentersville, for appellant.

Robert Morrow, State's Attorney, of Geneva (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STROUSE delivered the opinion of the court:

Defendant, Tomppy Spates, appeals from his conviction of delivery of more than 30 grams of a controlled substance in violation of section 401(a)(2) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(2)). He claims he was denied a fair trial in the circuit court because the assistant State's Attorney who tried the case had instructed one of the witnesses not to answer several questions at a deposition taken in a related civil case, allegedly in violation of Supreme Court Rule 415(a) (87 Ill. 2d R. 415(a)).

The defendant was arrested on May 1, 1984, by Department of Law Enforcement agent Rogelio Gomez after he allegedly tried to sell Gomez a quantity of cocaine, and was subsequently indicted for this offense. While the criminal charges were pending, the State also pursued a forfeiture case (*People ex rel. Morrow v. One 1984 Chevrolet Cavalier* (84 RM 97)). In connection with the latter case, defendant's counsel took the deposition of the arresting officer, Gomez. Assistant State's Attorney Larry Wechter appeared at the deposition and instructed Gomez not to answer several questions propounded by the defendant's trial attorney. In response to defense counsel's queries, Wechter replied that he represented Gomez for purposes of the deposition because he was also prosecuting the criminal case.

On September 26, 1984, defendant filed a pretrial motion seeking to disqualify the Kane County State's Attorney's office from prosecuting the criminal case and for discovery sanctions. Defendant claims, that by instructing Gomez not to answer certain questions, Wechter had violated Supreme Court Rule 415(a). Rule 415(a) states:

"Except as is otherwise provided as to matters not subject to disclosure and protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information (except the ac-

cused) to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case." 87 Ill. 2d R. 415(a).

The trial judge denied the motion in both respects, but ordered Wechter to make Agent Gomez, as well as two other Department of Law Enforcement agents involved in the case, available for interviews by defense counsel. Gomez subsequently refused to be interviewed. At trial, Gomez identified the 62-page transcript of the forfeiture case deposition and, at the request of defense counsel, counted 14 questions which he did not answer under instructions from Wechter. The argument was renewed in defendant's post-trial motion.

The State conceded that Wechter's conduct would have violated Rule 415(a) had it occurred in the context of the criminal case itself. (See *People v. Steele* (1984), 124 Ill. App. 3d 761, 767-68, 464 N.E.2d 788, 793; *People v. Wickenhauser* (1979), 75 Ill. App. 3d 145, 149, 393 N.E.2d 1185.) It argues, however, that the deposition was taken in the forfeiture proceeding, which is civil in nature (*People ex rel. Power v. One 1979 Chevrolet Camaro* (1981), 96 Ill. App. 3d 109, 112, 420 N.E.2d 770, 772), and that Rule 415 does not apply to civil cases (see 87 Ill. 2d R. 411). The language of the rule, however, is quite broad and appears to prohibit impeding an investigation regardless of the context in which the investigation occurs.

We need not pass on the applicability of Rule 415 in order to decide this case. Even assuming, without deciding, that Rule 415(a) does apply in the instant case, the defendant has failed to show any actual prejudice arising from its alleged violation.

■ Although the issue has never been squarely decided in a case involving Rule 415(a), it has been held that in cases involving violation of other sections of Rule 415 that actual prejudice must be shown. In *People v. Green* (1976), 42 Ill. App. 3d 978, 991, 356 N.E.2d 947, 957, the court said, "We conclude that the incomplete disclosure by the State, while we do not condone it, cannot be made the basis for a reversal of defendant's conviction where no showing has been made that defendant was prejudiced thereby. [Citation.]" A claim of prejudice cannot be based on "mere conjecture." (*People v. Lewis* (1975), 60 Ill. 2d 152, 158, 330 N.E.2d 857, 860.) Such a violation is harmless error. (*People v. Simmons* (1985), 138 Ill. App. 3d 492, 485 N.E.2d 1135.) Where the claim is that evidence has been improperly excluded, an offer of proof is required to preserve the point on appeal. *People v. Moreno* (1983), 116 Ill. App. 3d 1, 452 N.E.2d 22.

■ In this case, the defense has alleged prejudice only in the

most general terms. Although Gomez was questioned on cross-examination about the number of unanswered questions, no attempt was made to get the actual questions into the record. No attempt was made to prove what the substance of the answers would have been. In his brief before this court, the defendant states only that he was denied information vital to "several possible underlying defenses." This is far from a specific allegation of prejudice. From an examination of the record, it appears that the defendant initially contemplated an entrapment defense, but subsequently withdrew it.

The defendant cites a number of Federal cases in which convictions were reversed because of the prosecutor's failure to disclose, but they are not controlling. In *Gregory v. United States* (D.C. Cir. 1966), 369 F.2d 185, the prosecutor's conduct was more egregious, as he refused to let defense counsel interview any of the prosecution witnesses except in the prosecutor's presence. Since many of those witnesses were eyewitnesses to the alleged crime, the prejudice was obvious. Also, this was only one of a number of substantial constitutional violations in the course of the trial which, taken together, required reversal. (369 F.2d 185, 192.) In *United States v. Opager* (5th Cir. 1979), 589 F.2d 799, the prosecutors violated a court order requiring them to make government witnesses available to the defense. In the present case, Wechter did make the witness available for a full interview, but Gomez declined to talk, which he was entitled to do. *People v. Peter* (1973), 55 Ill. 2d 443, 303 N.E.2d 398, *cert. denied* (1974), 417 U.S. 920, 41 L. Ed. 2d 225, 94 S. Ct. 2627.

Apparently only one Illinois case has reversed a conviction due to prosecutorial nondisclosure without a showing of specific prejudice. (See *People v. Gibson* (1977) 54 Ill. App. 3d 898, 370 N.E.2d 262.) In that case, the court held that the failure of the prosecution to disclose the identities of two secret informers was reversible error even though defense counsel had had a chance to interview them before trial. As that case is not in keeping with the great weight of authority in this State, we decline to follow its rationale.

For the reasons stated above, we agree with the trial court that the prosecutor's conduct did not amount to prejudicial error; therefore, we affirm the judgment of the court below.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.